ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| Claudia Verónica Gaytan hoy también conocida como Claudia Verónica Cosme y Eric P. Hernández hoy también conocido como Eric P. Cosme<br><br>DEMANDANTE(S)-PETICIONARIA(S)<br><br><br>v.<br><br><br>Ricardo Cosme Ortíz; Charlette Ann Cosme Ortíz; Ninoshka Marie Cosme Ortiz; Génesis Zolanis Cosme Maisonet; Mildred Maisonet Torres y Jonathan Fontánez Maisonet<br><br>DEMANDADA(S)-RECURRIDA(S) | KLCE202401286 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2021CV02765 (506)<br><br><br>Sobre: Nulidad de Institución de Herederos; Partición de Herencia y Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

**Rivera Pérez, Jueza Ponente.**

### SENTENCIA

En San Juan, Puerto Rico, 31 de enero de 2025.

La Sra. Mildred Maisonet Torres y su hija, la menor Génesis Z. Cosme Maisonet, comparecen ante nosotros mediante un recurso de *certiorari,* solicitando la revisión de la *Resolución* emitida y notificada el 6 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). El 23 de septiembre de 2024, presentaron una moción de reconsideración, la cual fue declarada "No Ha Lugar" por el TPI mediante la *Resolución Interlocutoria* emitida y notificada el 28 de octubre de 2024.

Por los fundamentos que se exponen a continuación, este Tribunal resuelve expedir el auto de *certiorari* y revocar la determinación recurrida.

**I**

El 15 de julio de 2021, la Sra. Claudia Gaytan y el Sr. Eric P. Hernández, hijos del causante Don Ricardo Cosme Rivera, presentaron una demanda de nulidad de institución de herederos, partición de herencia y daños y perjuicios en contra de Ricardo Cosme Ortiz, Charlette Cosme Ortiz, Ninoshka Cosme Ortiz, Génesis Cosme Maisonet, Mildred Maisonet Torres y Jonathan Fontánez Maisonet.[1] En dicha demanda, los demandantes solicitaron que se declarara la nulidad de la institución de herederos establecida en el testamento de Don Ricardo Cosme Rivera bajo la figura de preterición, argumentando que no fueron mencionados en el testamento.

Tras varios trámites procesales, el 23 de mayo de 2022, el TPI emitió una *Resolución* anulando la institución de herederos del *Testamento Abierto y Última Voluntad de Don Ricardo Cosme Rivera* por preterición de dos herederos forzosos y declarando únicos y universales herederos a sus hijos Claudia Gaytan, Eric P. Hernandez, Ricardo Cosme Ortiz, Charlette Cosme Ortiz, Ninoshka Cosme Ortiz y Génesis Cosme Maisonet, en cuanto al tercio de legítima estricta, y a Mildred Maisonet Torres, en cuanto a la cuota viudal usufructuaria.[2] Además, el TPI dispuso en su resolución que, del testamento de Don Ricardo Cosme Rivera, "prevalecen únicamente las mandas y los legados."[3]

El 8 de enero de 2024, el Sr. Ricardo Cosme Ortiz, la Sra. Charlette Cosme Ortiz y la Sra. Ninoshka Cosme Ortiz presentaron la *"Moción Solicitando Remedio"* que nos ocupa.[4] En su escrito, los

---

[1] Apéndice de la *Petición de Certiorari*, págs. 14-18.
[2] Apéndice de la *Petición de Certiorari*, págs. 29-30.
[3] Apéndice de la *Petición de Certiorari*, pág. 30.
[4] Entrada Núm. 94 en el expediente digital del BY2021CV02765 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC").

comparecientes manifestaron estar de acuerdo con las determinaciones del TPI en cuanto a la nulidad de la institución de herederos y la prevalencia de las disposiciones testamentarias relacionada con las mandas y legados. Además, expresaron su interés en iniciar los trámites de partición y adjudicación mientras se resolvían las demás controversias vinculadas al caso. Sin embargo, para poder comenzar con el proceso de participación y adjudicación, indicaron que era necesario que el TPI se pronunciara sobre la distribución de los tercios de la herencia. En particular, que estableciera cuáles eran "las participaciones de los herederos en los tercios de mejora y libre disposición del Testamento de Don Ricardo Cosme". También, con respecto a la cuota viudal usufructuaria, que aclarara qué "tercio será el que grava la mencionada cuota", asegurando que no recayera sobre el tercio de la legítima estricta.

El 17 de enero de 2024, se celebró una *Conferencia sobre el Estado de los Procedimientos,* en la que se discutió la solicitud de remedio presentada y, el 6 de septiembre de 2024, el TPI emitió la *Resolución*[5] recurrida, en la cual, a la luz de lo establecido en los Artículos 742, 751 y 766 del Código Civil de 1930, 31 LPRA ant. secs. 2368, 2391 y 2416, concluyó lo siguiente:

> "Analizado el testamento del causante, Ricardo Cosme Rivera, éste dispone lo siguiente en cuanto al tercio de mejora:

> "Dispone el Testador que en el tercio de mejora instituye como su único y universal heredera, a su hija Génesis Zolanis Cosme Maisonet"

> Por lo antes expuesto y luego de analizado, el Tribunal dispone que en el caso ante nos, dado a que la viuda concurre con hijos de diferentes matrimonios, la cuota viudal solo grava el tercio de libre disposición. **Mientras que al ser el llamamiento del tercio de mejora uno a título universal y no de cosa cierta, se estaría abriendo el mismo a la totalidad del caudal hereditario."** (énfasis suplido).

---

[5] Apéndice de la *Petición de Certiorari,* págs. 48-50.

El 23 de septiembre de 2024, la Sra. Mildred Maisonet Torres presentó una moción, solicitando la reconsideración de la resolución previamente emitida, en cuanto a la determinación de que, "al ser el llamamiento del tercio de mejora uno a título universal y no de cosa cierta, se estaría abriendo el mismo a la totalidad del caudal hereditario". En su lugar, solicitó que "el tercio de mejora no se abra a los legitimarios hijos y que se mantenga el tercio de mejora que el testador deja a su hija GZCM tal y como lo ha mencionado en su testamento el causante Ricardo Cosme."[6]

Por su parte, la menor Génesis Cosme Maisonet, representada por su Defensora Judicial Janet Maisonet Torres, presentó una *Moción en Solicitud de Reconsideración de Resolución*, en la que también solicitó que se reconsiderara dicha determinación. En su lugar, solicitó que se reconociera y declarara que el tercio de mejora en el presente caso correspondía única y exclusivamente a ella, en cumplimiento con las disposiciones testamentarias del causante. Asimismo, solicitó que se determinara que el tercio de mejora no formaba parte de la legítima estricta que correspondía a todos los herederos forzosos.[7]

El 17 de octubre de 2024, se celebró un *Status Conference*, en la cual las partes tuvieron la oportunidad de exponer sus respectivas posiciones respecto a las solicitudes de reconsideración presentadas.[8]

El 21 de octubre de 2024, el Sr. Ricardo Cosme Ortiz, la Sra. Charlette Cosme Ortiz y la Sra. Ninoshka Cosme Ortiz expusieron por escrito su *Oposicion a: "Mocion en Solicitud de Reconsideracion de Resolucion"; "Mocion sobre Reconsideracion"*.[9]

Por su parte, el 23 de octubre de 2024, la Sra. Claudia Gaytan y el Sr. Eric P. Hernández presentaron un *Escrito Conjunto Consignando*

---

[6] Entrada Núm. 124 en el expediente digital del BY2021CV02765 en el SUMAC.
[7] Entrada Núm. 126 en el expediente digital del BY2021CV02765 en el SUMAC.
[8] Entrada Núm. 134 en el expediente digital del BY2021CV02765 en el SUMAC. Apéndice de la *Petición de Certiori*, págs. 57-60.
[9] Apéndice de la *Petición de Certiorari*, págs. 61-67.

*Posición*, en el que se opusieron a las solicitudes de reconsideración presentadas.[10]

El 28 de octubre de 2023, el TPI emitió y notificó dos *Resoluciones Interlocutorias*, mediante las cuales declaró "No Ha Lugar" las solicitudes de reconsideración presentadas por la Sra. Mildred Maisonet Torres y Génesis Cosme Maisonet. [11]

En desacuerdo con estas determinaciones, la Sra. Mildred Maysonet Torres y Génesis Cosme Maisonet acudieron ante nosotros el 25 de noviembre de 2024 mediante el presente recurso de *Petición de Certiorari*. En su escrito, señalan los errores siguientes:

> Erró el [Honorable] Tribunal de Instancia al resolver prematuramente, en su Resolución abrir el tercio de mejora a la totalidad del caudal hereditario, sin tomar en consideración que el caso no está maduro, ya que no se ha realizado la liquidación y partición de la herencia.
>
> Erró el [Honorable] Tribunal de Primera Instancia al no resolver en su Resolución que valdrán las mejoras del testamento en cuanto no sean inoficiosas ni excesivas, conforme al artículo número 742 y 745 del Código Civil de Puerto Rico de 1930 (31 LPRA. sección 2368.
>
> Erró el [Honorable] Tribunal de Primera Instancia al no resolver que no están en conflicto aplicando lo dispuesto entre los artículos 745 y 749 que no están en conflictos del Código Civil de 1930, siguiendo los principios de interpretación sistemática y jerárquica utilizados por el Tribunal Supremo, en la atención de la discrepancia.
>
> Erró el [Honorable] Tribunal de Primera Instancia al disponer en su Resolución que al ser el llamamiento del tercio de mejora uno a título universal y no de cosa cierta, se estaría abriendo el tercio de mejora a la totalidad del caudal hereditario, cuando conforme a derecho correspondía determinar que la mejora según dispuesta por el Testador, se salva por ser válida en ley.

El 9 de enero de 2025, el Sr. Ricardo Cosme Ortiz, la Sra. Charlette Cosme Ortiz y la Sra. Ninoshka Cosme Ortiz presentaron un escrito titulado *Solicitud de Desestimación por Falta de Jurisdicción*

---

[10] Apéndice de la *Petición de Certiorari*, págs.68-72.
[11] Entradas Núm. 138 y 139 en el expediente digital del BY2021CV02765 en el SUMAC.

*(Falta de Legitimación Activa) Oposición a Recurso de Certiorari*. En síntesis, los comparecientes solicitaron la desestimación del recurso, alegando que la Sra. Mildred Maisonet Torres carecía de legitimación activa para presentar una solicitud de reconsideración de la *Resolución* de 6 de septiembre de 2024, ya que dicho dictamen no afectaba sus derechos como cónyuge supérstite respecto a su cuota viudal usufructuaria. En la alternativa, sostuvieron que las designaciones hechas a título universal en el tercio de mejora no subsisten cuando se anula la institución de herederos por preterición de un heredero forzoso, como correctamente resolvió el TPI en el dictamen recurrido.

El 10 de enero de 2025, la Sra. Claudia Gaytan y el Sr. Eric P. Hernández presentaron un escrito en oposición al recurso. Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

La expedición de un recurso de *certiorari* para revisar órdenes y resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia está limitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Esta Regla establece que el recurso de *certiorari* "solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injunction*] o de la denegatoria de una moción de carácter dispositivo." *Íd.* Por excepción, la Regla 52.1 de Procedimiento Civil, *supra*, también autoriza la revisión de órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos de interés público o cualquier otra situación en la cual esperar a la

apelación constituiría un fracaso irremediable de la justicia.[12] *Íd.* Se reconoce, "que ciertas determinaciones interlocutorias pueden afectar sustancialmente el resultado del pleito o tener efectos limitativos para la defensa o reclamación de una parte o conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata." R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 533.

Conforme establece la Regla 52.1 de Procedimiento Civil, *supra*, "[c]ualquier otra resolución u orden interlocutoria dictada por el Tribunal de Primera Instancia podrá ser revisada mediante el recurso de apelación que se presente contra la sentencia final dictada por el Tribunal de Primera Instancia, sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales."

Resulta necesario destacar que "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023), citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). En el ámbito judicial, el concepto discreción ha sido definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición justiciera." *IG Builders et al. v. BBVAPR*, supra, pág. 338; *García v. Padró*, 165 DPR 324, 334-335 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

El Tribunal Supremo ha señalado que la discreción del Tribunal de Apelaciones para expedir un auto de *certiorari* no debe ejercerse de manera aislada en abstracción del resto del Derecho. *Íd.* En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, enmarca los criterios que el Tribunal de Apelaciones

---

[12] Estas disposiciones fueron incorporadas a la Regla 52.1 de Procedimiento Civil de 2009, *supra*, mediante la Ley Núm. 220-2009 y la Ley Núm. 177-2010.

deberá tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Esta Regla dispone lo siguiente:

"El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo anterior implica que la determinación de expedición del auto de *certiorari* debe ser evaluada en el contexto de todos los derechos aplicables y bajo las pautas específicas que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, proporciona.

**B.**

Una persona puede disponer para después de su muerte de todos sus bienes o de parte de ellos, ya sea a título de herencia o de legado. Artículos 616 y 617 del Código Civil de 1930, 31 LPRA ant. secs. 2121 y 2122.[13] Sin embargo, al hacerlo, el testador debe respetar la llamada *legítima*, que es la porción de bienes sobre la cual la ley limita la libertad de disposición para proteger a determinados

---

[13] El Artículo 1816 del Código Civil de 2020, 31 LPRA sec. 11721, establece que "[l]os derechos a la herencia de quien ha fallecido, con testamento o sin él, antes de entrar en vigor este Código, se rigen por la legislación anterior." Por lo tanto, en el presente caso, resultan aplicables los artículos del Código Civil de 1930, ya que el causante falleció en el 2018, cuando dicha legislación aún estaba vigente.

herederos, denominados herederos forzosos. Artículo 735 del Código Civil de 1930, 31 LPRA ant. sec. 2361.[14]

El Artículo 736 del Código Civil de 1930, 31 LPRA sec. 2362, identifica como herederos forzosos, entre otros, a "los hijos y descendientes legítimos respecto de sus padres [...]". Para estos, el testador está obligado a reservar dos terceras partes (2/3) de su haber hereditario, conocidas como la *legítima larga*. Artículo 737 del Código Civil de 1930, 31 LPRA ant. sec. 2363. Sin embargo, podrá este "disponer de una parte de las dos que forman la legítima, para aplicarla como mejora a sus hijos y descendientes legítimos o naturales legalmente reconocidos." *Íd.* "La tercera parte restante será de libre disposición." *Íd.*

El Artículo 751 del Código Civil de 1930, 31 LPRA ant. sec. 2391, define la figura de la mejora dentro del contexto de la sucesión hereditaria. Conforme a este artículo, el padre o la madre tienen la facultad de disponer, en beneficio de alguno o algunos de sus hijos o descendientes, de una de las dos terceras partes destinadas a la legítima. Esta porción específica, asignada para favorecer a ciertos herederos forzosos, recibe el nombre de *mejora*. El artículo también dispone que no podrán establecerse gravámenes sobre la mejora, salvo aquellos destinados a beneficiar a los legitimarios o sus descendientes. Esta limitación busca proteger la integridad de la mejora y garantizar que su propósito se mantenga dentro del ámbito de los derechos de los herederos forzosos.

El Artículo 756 del Código Civil de 1930, 31 LPRA ant. sec. 2396, permite que la mejora sea asignada a un bien específico dentro de la herencia. Sin embargo, si el valor del bien otorgado como mejora

---

[14] El Artículo 746 del Código Civil de 1930, 31 LPRA ant. sec. 2372, establece el procedimiento para determinar la legítima en una herencia. Según este artículo, el cálculo de la legítima se basa en el valor de los bienes que permanecen al momento de la muerte del testador, tras deducir las deudas y cargas existentes, exceptuando aquellas impuestas en el testamento. Además, el artículo señala que al valor líquido de los bienes hereditarios debe sumarse el valor que tenían, en el momento de su otorgamiento, todas las donaciones colacionables realizadas por el testador.

supera tanto el tercio destinado a esta como la porción de la legítima correspondiente al heredero mejorado, este estará obligado a compensar la diferencia en metálico a los demás herederos, respetando así el equilibrio patrimonial.

Por su parte, el Artículo 759 del Código Civil de 1930, 31 LPRA ant. sec. 2399, establece que, en ausencia de una asignación específica en el testamento para la mejora, su pago deberá efectuarse utilizando los bienes hereditarios en general. En estos casos, el tercio de mejora se calculará sobre el caudal hereditario total para garantizar que se respete la proporción legal de un tercio (1/3).

**C.**

En cuanto a la preterición de herederos forzosos, el Artículo 742 del Código Civil de 1930, 31 LPRA ant. sec. 2368, dispone lo siguiente:

> "La preterición de alguno o de todos los herederos forzosos en línea recta, sea que vivan al otorgarse el testamento o sea que nazcan después de muerto el testador, **anulará la institución del heredero; pero valdrán las mandas y mejoras en cuanto no sean inoficiosas.**
>
> [...]." (énfasis suplido).

El concepto legal de preterición proviene del latín *praeterire* y significa "omitir; ya sea intencionadamente o erróneamente a una persona llamada por ley a suceder [...]." J. Cuevas Segarra y A. Román García, *Derecho sucesorio comparado: Puerto Rico y España*, San Juan, Pubs. JTS, 2003, pág. 383. "La preterición es la privación total o parcial de los derechos del legitimario, ya que el testador lo ignora en sus disposiciones testamentarias." *Íd.*; *Cabrer v. Registrador*, 113 DPR 424, 437 (1982).

La preterición de herederos forzosos no produce la nulidad de un testamento; solo la nulidad de la institución de herederos, abriendo así la totalidad de la herencia a las reglas de la sucesión intestada, *Blanco v. Sucn. Blanco Sancio*, 106 DPR 471, 478-479 (1977), excepto que prevalecerán las mandas y legados mientras no resulten inoficiosos. *Íd.*; Cuevas Segarra y Román García, *Op. Cit.*, pág. 387.

**III**

En su recurso de *Petición de Certiorari,* la Sra. Mildred Maisonet Torres y la menor Génesis Cosme Maisonet, en primer lugar, cuestionan que el TPI determinara abrir el tercio de mejora a la totalidad del caudal hereditario sin considerar que el caso aún no está maduro, ya que no se ha realizado la liquidación y partición formal de la herencia. Alegan que tal determinación no es procedente en este punto del proceso. En segundo lugar, señalan que el TPI erró al no disponer en su resolución que las mejoras establecidas en el testamento valdrán en cuanto no sean inoficiosas, conforme a lo dispuesto en los Artículos 742 y 745 del Código Civil de 1930, 31 LPRA ant. secs. 2368 y 2371. En tercer lugar, señalan que el TPI no aplicó los principios de interpretación sistemática y jerárquica establecidos por el Tribunal Supremo al abordar conflictos entre disposiciones testamentarias y los Artículos 745 y 749 del Código Civil de 1930, a pesar de que dichos artículos no se encuentran en conflicto. Finalmente, señalan que el TPI erró al determinar que el llamamiento del tercio de mejora, al ser considerado a título universal y no de cosa cierta, implicaba abrir la totalidad del caudal hereditario, cuando en realidad correspondía validar que la mejora dispuesta por el testador era conforme a derecho y válida bajo la ley.

En sus escritos en oposición, el Sr. Ricardo Cosme Ortiz, la Sra. Charlette Cosme Ortiz, la Sra. Ninoshka Cosme Ortiz, la Sra. Claudia Gaytan y el Sr. Eric P. Hernández solicitaron la desestimación del presente recurso de *certiorari* por falta de legitimación de las peticionarias. Alegaron que la Sra. Mildred Maisonet Torres carecía de legitimación activa para presentar una solicitud de reconsideración de la resolución recurrida, ya que dicho dictamen no afectaba sus derechos como cónyuge supérstite respecto a su cuota viudal usufructuaria. En cuanto a la menor Génesis Cosme Maisonet, alegaron que dicha parte recurrió de la determinación que atendía la

solicitud de reconsideración presentada por la Sra. Mildred Maisonet Torres.

En la alternativa, los recurridos solicitaron que se confirmara la determinación del dictamen recurrido, argumentando que las designaciones hechas a título universal en el tercio de mejora no prevalecen, cuando se anula la institución de herederos por preterición.

Tras analizar los argumentos presentados por las partes, este Tribunal concluye que las alegaciones relacionadas con la falta de jurisdicción de las peticionarias carecen de méritos. En consecuencia, procederemos a evaluar el recurso presentado en sus méritos.

De acuerdo con el marco legal aplicable y los principios de sucesiones, el efecto de la preterición es la anulación de la institución de herederos. Sin embargo, se mantienen válidas las mandas y mejoras otorgadas por *cualquier título*, siempre que no resulten inoficiosas. *Blanco v. Sucn. Blanco Sancio*, supra, págs. 478-479; Artículo 742 del Código Civil de 1930, supra. Cabe señalar que no existe disposición legal que permita la redistribución del tercio de mejora entre los herederos forzosos que no hayan sido específicamente designados para beneficiarse de dicha porción.

En este caso en particular, donde la institución de herederos fue anulada debido a la preterición de herederos forzosos, la nulidad afecta exclusivamente la legítima estricta. La voluntad testamentaria respecto al tercio de mejora debe prevalecer, salvo que exista inoficiosidad, lo cual no ha sido probado en este caso.

Por lo tanto, este Tribunal considera que la resolución recurrida carece de fundamento legal, ya que modifica indebidamente la disposición testamentaria sobre el tercio de mejora. En consecuencia, debe revocarse dicha resolución a fin de garantizar que se respete la intención del causante.

**IV**

Por los fundamentos expuestos, este Tribunal resuelve expedir el auto de *certiorari* y revocar la resolución recurrida.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones